CARR, Claimant v. HOMESTAKE MINING CO., Employer and Self Insurer

(215 N.W.2d 830)

(File No. 11255. Opinion filed February 15, 1974)

Scott C. Moses, Deadwood, for claimant.

Kellar & Kellar & Fuller, Lead, for employer and self insurer.

DOYLE, Justice.

This case was initiated before the South Dakota Commissioner of Labor and Management Relations (Commissioner) under the South Dakota Workmen's Compensation Law. The Commissioner's decision was in favor of Ralph M. Carr (claimant) and against the Homestake Mining Company (employer). The employer appealed to the circuit court from the adverse decision of the Commissioner and the Commissioner's decision was reversed by the circuit court. The claimant appeals to this court from the adverse decision of the circuit court.

The facts are stipulated and undisputed. The claimant was employed by the Homestake Mining Company at Lead, South Dakota, from September 13, 1929 to February 24, 1942, from September 18, 1945 to February 9, 1951, and from February 16,

1952 to May 31, 1962. During the time of his employment the claimant contracted the occupational disease silicosis and became totally disabled for employment purposes on April 14, 1971. The claimant properly filed a claim under the South Dakota Workmen's Compensation Law.

This case involves the construction of SDCL 62-8-14, which reads:

> "No claim for disability or death from silicosis shall be maintained or prosecuted otherwise than under the provisions of this chapter, or come within the provisions of this chapter, unless during the *ten years immediately preceding the date of disablement* the employee has been *injuriously exposed to the inhalation of silica dust over a period of not less than five years,* the last two years of which shall have been in this state, under a contract of employment existing in this state, provided, however, that if the employee shall have been employed by the same employer during the whole of such five-year period, his right to compensation against such employer shall not be affected by the fact that he had been employed during any part of such period outside of this state." (Emphasis added)

Many states have enacted special legislation to deal with silicosis and other dust diseases, and some twenty states place special restrictions on payment for silicosis, asbestosis or other dust diseases, or impose unusual limitations not applicable to other occupational diseases. Larson's Workmen's Compensation Law, Vol. 1A, § 41.12. In our judgment, SDCL 62-8-14 is such a limitation.

The undisputed facts show that the claimant in this case does not meet the standards imposed by the foregoing statute. The statute requires not less than five years exposure to the inhalation of silica dust during the ten years immediately preceding the date of disablement. The claimant worked for the employer during a period of only one year and forty-seven days during the ten-year period preceding his disablement; consequently, he is not within the standard prescribed by the statute.

The decision of the circuit court is affirmed.

All the Justices concur.